Wiieeler, J.
The objection that the exceptions to the amended petition cannot be entertained, there having been an answer to the merits previously filed, is not tenable. The answer to the merits was filed previous to the filing of the amended petition. Where the plaintiff thus amends by the introduction of new matter it is the right of the defendant to plead anew to the new matter so introduced by the plaintiff. Otherwise it might be in the power of the plaintiff so to-frame his pleadings as to deprive the defendant of his just defenses. The exceptions were taken at the earliest stage of the pleadings practicable, and that they were rightly received and entertained is, we think, quite too clear to admit of question.
It appears by the averments in the amended petition that the plaintiff's action as to a part of his demand is for the recovery of the partnership dues of the firm in which the Bennetts were his copartners. And it is not averred nor does it appear that another party in interest whose name as a copartner *129 with the plaintiff is disclosed by the petition was not in being and competent to sue at the time of the commencement of this action.
It is the well-settled general rule that all the partners must join in an action upon a contract made with or to recover a debt cine the firm. (16 Johns. R., 34; 2 J. J. Marsh. R., 300; 2 Litt. R., 353.) In actions ex contractu, where the legal interest is joint, those in whom such interest is vested must, if living, join iu an action for the breach of such contract. This is the general rule at law. And in equity it is the rule (subject to certain exceptions) that all persons materially interested, either legally or beneficially, iu the subject-matter of a suit, are to be made parties to it, either as plaintiffs or defendants, so that there may be a complete decree which shall hind them all. (Story Eq. Pl., see. 72.) For it is a principle admitted in all courts that the rights of no man shall be finally decided in a Court of Justice unless he he present or at least unless he has had a full opportunity to appear and vindicate his rights, (lb.)
The general rule which requires all the partners to join as plaintiffs is not controverted, but it is sought, to take the present case out of its operation, and with this view, it is insisted—
1st. That the surviving partner not joined is a dormaut partner; and
2d. That the plaintiff was the general agent and managing business partner of the firm, and as such entitled to maintain the action without joining Iris copartner.
It is true that a dormant partner who is not privy to the contract need not be joined. (1 Chit. PL, 12; 3 Kent Comm.) But the law as to dormant partners, it lias been held, is confined to commercial partnerships. (Ib.; 4 Mass. R., 424 ; 3 Sumn. R., 435.) This, perhaps, might be a sufficient answer in the present case to the proposition that the partner not joined is a dormant partner. But it is not deemed necessary to rest the decision of the question upon this principle; and it [35 §] is conceived due to the argument of counsel upon this point to pass directly upon the question presented and discussed.
A dormant partner, in the legal acceptation of the term, is one who participates in the profits of tile trade but conceals his name. A partner is considered dormant whose name is not mentioned in the firm or embraced under general terms as the name of one of the firm. (3 Kent, 31; 2 Harr. & Gill. li., 150; o Cow. R., 53-1.) A dormant partner differs from an actual, ostensible partner, in that his name being suppressed and concealed from the firm, his interest is consequently not apparent. (3 Tom. L. D., 71.) Such is not the character of the partner not joined iu this action. His name was not suppressed or withheld from the firm. On the contrary, he is presented by the petition in no other character than as an actual, apparent, ostensible partner, one who appears and exhibits himself to the world as a person connected with the partnership, and as forming a component member of the firm. IIo must therefore be regarded in the character not of a dormant but of an ostensible partner. As such, he was a necessary party plaintiff in the suit.
But it is insisted that the plaintiff could maintain the action in his own name, as tlie general agent of the firm, upon the principle that when an agent has a beneficial interest in the performance of the contract or a special property in the subject-matter of the agreement, he may support an action iu his own name, as in 1 lie case of factors, who may sue in their own name for the price of goods sold by them for their principal, for the reason that they are treated as special owners of the property consigned to them ; as also in the case of a broker, a carrier, an auctioneer, &e. But these cases are exceptions to the general rule; and although as well established as the rule itself, they aro in derogation of the general doctrine that remedies must he pursued iu the name of the party in interest, and not iu the name of the agent who made the contract. The several exceptions to the rule rest on their own peculiar reasons. They are reduced by Mr. Story, in his work on agency, into four classes, *130 which, however, it is not necessary here io present. It is sufficient for the purposes of the present inquiry that the facts of this case do not bring it within any of the exceptions to the general rule which have been recognized by law. (1 Chit. Pl., 7; Story on Agency, sec. 393; 21 Wend. R., 110; 13 Id., 139.) That the plaintiff may have been the general agent and active business partner of tlie firm did not authorize him to maintain tlie action in his individual name. The very constitution of tlie partnership relation furnishes a presumption that each individual partner is an authorized agent of the rest. Yet they must all join in an action for the price of goods sold in tlie name of one only. (2 Stark. Ev., 800; 6 Pick. R., 359; Story on Part., sec. 241.)
Note a.—Jackson v. Alexander, 8 T., 109; Garrett v. Muller, 37 T., 589.
We conclude therefore that it was not competent for the plaintiff to maintain the action in his individual name, in so far as it seeks a recovery of partnership dues.
We have considered the question in reference to the averments of the petition. The statement of facts presents still more clearly tlie members of tlie firm in the character of actual ostensible partners, the survivors of whom must have joined in order to maintain tlie action for the recovery of partnership dues.
This conclusion will dispense with the necessity of considering the other questions presented.
We are of opinion that the court erred in overruling the exceptions to the petition, and also in instructing tlie jury that if the plaintiff was the general agent of the firm he could recover the value of the seven bales of cotton which were partnership property in this action.
As to the two bales, the individual property of the plaintiff, alleged to be of tlie value of one hundred dollars per bale, that being an amount within tlie jurisdiction of the court, it was rightly ruled that the action could be maintained.
The judgment must therefore be reversed, and tlie cause remanded for further proceedings.
Judgment reversed.