Wheeler, J.
It is objected to the judgment that there does not appear by the statement of facts to have been any proof introduced by the plaintiff'hi the attachment to show that the defendant therein was his debtor. And it is true that to enable the plaintiff to impeach the title of the claimant as fraudulent, he must have been a creditor. That be was such was not denied, or in any manner put in issue at the trial. On the contrary the trial proceeded on the assumption that such was the fact. It appears to have been tacitly admitted, or conceded on all hands. Had it been questioned, a reference to the record, a part if not all of which was in evidence, would have conclusively settled the question. Now to entertain the objection, and reverse the judgment on that *74 ground, under tlie circumstances would be incompatible with, tlie plainest principles oí justice.
Again, it is objected that the court erred in ruling- that tlie burden of proof was on the claimant.
The statute provides that if, when levied on, the property was in the possession of tlie defendant in the attachment, the burden of proof shall be on tlie claimant. (3 Stat., (1830) p. 95, sec. 9; 4 Stat., (1S40) p. 04, sec. 2.)
The property in question was, in contemplation of law, in tlie possession of the defendant in tlie attachment. It was in the actual possession of Tom, the plaintiff in the attachment, who, however, held it as tlie property of Thurmond. Tlie first attachment had been levied on the property in the possession of the defendant, previous to the inception of Pierson’s claim. The property doubtless came into the possession of Tom by means of that attachment, and he held it as trustee or agent of Tliunnoiid for his benefit. The quashing of tlie attachment did not change the character of the possession, or authorize Tom to hold it in a different right from that in which he held it under the levy. liis possession was, in contemplation of law, Thurmond’s possession .as to the parties and those claiming under them. When the last attachment -ivas levied tlie property, though not in the actual, was in the constructive possession of Thurmond, being- in tlie hands of tiloso who held it as his property and in his right. To constitute possession in the defendant in attachment or execution it is not necessary that he should have the actual corporeal possession at the time. This would seldom happen where execution or attachment is taken out against an absent or absconding debtor. It is sufficient if tlie property is found in possession of his agents and those holding it on liis behalf and in his right. Such being the possession in the present case, tlie court did not err in ruling that the burden of proof as to the rig-lit of property was with the •claimant.
The remaining objection is to the ruling of the court in admitting evidence ■of the issuing of the attachments which liad been quashed.
The question submitted to the jury was one of fraud in fact. Pier-son’s purchase was impeached on the ground that it was made to defeat a creditor of his vendor. And it was material to bring- home to him a knowledge of the creditor’s claim. With this view, it certainly was competent to show the efforts being made by the creditor to enforce his claims against this property, and such circumstances as rendered it probable that the claimant had .a knowledge of these efforts at the time of his purchase. The evidence was admissible, not to fix upon the claimant constructive notice by showing a suit pending, but as circumstances from which, in connection with the oilier evidence in the case, the fact of actual notice might be inferred. In this view, it is not material whether the efforts being made by tlie creditor were, at the time, effectual or not. Upon questions of this character a considerable latitude is allowed in tlie admission of evidence. (11 Wend. It., 83.) And evidence sufficient to satisfy the jury is all that can be required. (4 Sraedcs & Marsh K., 57.) That these, with other facts in evidence, were of a character to convince the jury that Pierson knew of the claims of the creditor, and that his purchase and alleged valuable consideration were only colorable, and were Intended to enable the debtor to defraud liis creditor, can scarcely admit of a question. The evidence, at least, was sufficient to warrant the finding of the jury to that effect, and that is sufficient for the present inquiry. We are of •opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.