G. W. STROHL v. A. M. PINKERTON.

(No. 2643, Op. Book No. 4, p. —.)

APPEAL from Wichita County. Opinion by WILL-SON, J.

§ 470. *Plea to jurisdiction that defendant was not sued in the county of his residence.* Defendant pleaded to the jurisdiction that he had not been sued in the county of his domicile; that his domicile was in Tarrant county, and was not and never had been in Wichita county. This plea was sworn to. Upon this issue defendant's domicile, at the time of the institution of the suit, was conclusively shown to be in Tarrant county. He never at any time had a domicile in Wichita county, and there

was no fact alleged or proved which brought the case within any of the exceptions to the general rule that an inhabitant of this state shall be sued in the county of his domicile. [Rev. Stats. art. 1198.] We think, upon this issue, the verdict was manifestly contrary to the evidence. It was the manifest intention of the statute to secure to every inhabitant of the state the right of being sued in the county of his residence. This right cannot be denied him. [Brown v. Bouldin, 18 Tex. 431.] That Strohl for a while remained in Wichita county, and carried on business there, did not change his fixed domicile from Tarrant to Wichita. [Blucher v. Milsted, 31 Tex. 621.]

§ 471. *Plea in abatement; non-joinder of parties.* Where the contract out of which the indebtedness arose was made by Strohl with one J. M. Pinkerton alone, and the work and labor under the contract was performed jointly by J. M. Pinkerton, one Smith, and plaintiff, *held*, that the plaintiff had no right to maintain the suit individually. There was no privity of contract shown to exist between him and defendant. All interest which plaintiff had in this indebtedness arose from a contract between J. M. Pinkerton, Smith and himself, with which defendant had nothing to do. J. M. Pinkerton could maintain the suit, the contract having been made with him; or J. M. Pinkerton, Smith and plaintiff might have sued jointly, they being joint owners of the debt; but it was not within their power, by an arrangement amongst themselves, to divide the debt between themselves so as to enable each of them separately to sue for his individual share of the same. [Stachely v. Pierce, 28 Tex. 328; Speake v. Prewitt, 6 Tex. 252.]

§ 472. *Plea in abatement must be sworn to, when.* Where defendant pleaded that he had been served with a writ of garnishment at the suit of Burns & Jordan, in Tarrant county, to answer in regard to the debt sued for, and that said garnishment proceedings were then pending and undetermined, *held*, that the answer was a plea

in abatement, and to be entitled to any consideration would have to be sworn to, which was not done. [Rev. Stats. art. 1265.]

May 5, 1883.                    Reversed and remanded.