FREIBURG, KLEIN & CO. v. FOREMAN & RAY.

(No. 2708, Op. Book No. 4.)

APPEAL from Shackleford County. Opinion by HURT, J.

§ 473. *Trial of the right of property; burden of proof; how far writ of attachment is proof of attaching creditor's claim.* · The goods levied upon by the attachment of appellants were in possession of appellees under a bill of sale from Smith & Sloan. Appellants proposed to attack this transfer upon the ground of fraud upon creditors, they being such. Upon the trial appellants introduced the attachment and the sheriff's return on the same. This was all the evidence adduced upon the trial as to indebtedness on the part of Smith & Sloan to appellants. Was the attachment evidence of indebtedness by Smith & Sloan to pla'ntiffs? *Held*, that the burden of proof was upon appellants to show the material fact of an existing indebtedness, because to enable the plaintiff to impeach the title of the claimant as fraudulent he must have been a creditor [Pierson v. Tom, 10 Tex. 145], and such proof cannot be made by the attachment. [Noble v. Holmes, 5 Hill (N. Y.), 194; Thornburgh v. Hand, 7 Cal. 554.]

§ 474. *Charge of the court as to proof of fraud.* Where the court charged the jury "that fraud cannot be presumed unless the circumstances upon which it is founded are so clear and strong and pregnant that no ·other reasonable construction can be drawn from them," *held* error. If the facts and circumstances adduced in evidence reasonably satisfy the minds of the jury that there was fraud on the creditors of Smith & Sloan, participated in by appellees, this will suffice.

But notwithstanding this error in the charge appel-

lants cannot complain, because, failing to prove that they were creditors of Smith & Sloan, they could not have legally recovered, though the charge had been correct in all respects.

May 26, 1883.                                    Affirmed.