### R. S. ALLEN v. FRANK FLECK.

Decided March 20, 1909.

**1.—Partnership—Assignment of Claim—Pleading and Proof—Practice.**

In a suit by a former partner in his own name alone upon a claim which at one time belonged to the partnership, and which claim plaintiff alleged had been transferred to him by the other partner, it devolved upon plaintiff to prove the alleged transfer and his exclusive ownership of the claim at the time suit was filed. In the absence of such proof judgment in his favor was error, and this, though the trial of the case proceeded upon the assumption that plaintiff alone owned the claim and defendant did not ask an instruction to return a verdict in his favor because of the absence of such proof.

**2.—Same—Cases Distinguished.**

Pierson v. Tom, 10 Texas, 145, and People's Building & Loan Ass'n v. Dailey, 17 Texas Civ. App., 38, distinguished.

Appeal from the District Court of Wichita County. Tried below before Hon. A. H. Carrigan.

*J. T. Montgomery,* for appellant.

*Huff, Barwise & Huff* and *L. H. Mathis,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—Frank Fleck recovered a judgment against R. S. Allen for two thousand and six dollars and fifty-

seven cents as commissions earned in negotiating sales of lands for Allen. Plaintiff alleged in his petition that Allen employed the partnership firm of Fleck & Ehlars, composed of plaintiff and T. M. Ehlars, to sell lands owned by Allen situated in Wilbarger and Wichita Counties, and that the sales made, for which commissions were claimed, were made by said partnership; that the members of said firm were equal partners; that T. M. Ehlars had transferred to plaintiff all his interest in the commissions claimed, thus vesting in plaintiff the entire interest therein, but upon the trial no evidence was offered to prove such transfer. Both members of the firm of Fleck & Ehlars resided in Little Rock, Missouri, and the sales for which commissions were sought were made to emigrants from Missouri. Plaintiff came with the purchasers and the negotiations conducted in Texas on the part of the firm were by him exclusively.

Appellant contends that for lack of proof of a transfer to plaintiff of Ehlars' interest the judgment of the trial court should be reversed. Plaintiff's failure to make this proof was made one of the grounds of defendant's motion for new trial, which was overruled by the trial court, and in this ruling we think there was error which requires a reversal of the judgment.

Appellee contends that the record shows that the trial of the case was upon the assumption that Fleck alone owned the claim which was made the basis of the suit, and that, as appellant failed to request a charge to the jury to find in his favor on account of plaintiff's failure to prove the transfer to him of Ehlars' interest, appellant has waived his right to complain of such omission of proof. To support this contention numerous cases are cited, collated in 1 Green's Digest, column 354, section 235, announcing the familiar rule that a party failing to request instructions to the jury on a particular point or theory supported by evidence can not complain, on appeal, of a failure of the court to give such an instruction, but we think these authorities are not applicable. Neither do we think that appellee's contention is sustained by the cases of Pierson v. Tom, 10 Texas, 145, and People's Bldg. & Loan Ass'n v. Dailey, 17 Texas Civ. App., 38.

In the case of Pierson v. Tom, *supra,* plaintiff recovered judgment for certain personal property and proof of a certain judgment in his favor rendered in another case was necessary to sustain that judgment. The records of the former case showing the judgment therein rendered were introduced in evidence, but the judgment itself was not read to the jury, and this failure was assigned as error by the appellant in the case. Affirming the judgment, the court, in discussing the plaintiff's failure to prove that he had such a judgment, said: "Had it been questioned, a reference to the record, a part if not all of which was in evidence, would have conclusively settled the question." In the case of People's Bldg. & Loan Ass'n v. Dailey, *supra,* the association, a foreign corporation, was plaintiff, and failed to make proof that it had a permit to do business in the State. It was held that defendants, who did not assign such failure of proof as error in their motion for new trial, and who failed to request a special instruction to the jury based thereon, could not complain. But this contention was by cross-assignment of error by the defendant in the court below, in whose

favor the judgment was rendered and which judgment was, on appeal, affirmed, thus rendering the decision of the question unnecessary to a disposition of the case.

It is well settled by the authorities that in a suit to collect a debt due a partnership firm, all the partners in interest, except dormant partners, are necessary parties plaintiffs. In the case at bar, plaintiff having alleged that his former partner Ehlars had transferred to him all his interest and that he alone owned the claim, one-half of which was formerly owned by Ehlars, to sustain a recovery by him for the full amount of the claim acquired by the firm, proof of such transfer to him of Ehlars' interest was as necessary as proof of the validity of the claim itself. Ricker v. Schadt, 5 Texas Civ. App., 460; Speake v. Prewitt, 6 Texas, 252; 15 Ency. Pl. & Pr., p. 854-5 and notes.

Other questions presented in appellant's brief will not likely arise upon another trial and a discussion of them is therefore unnecessary.

For the error above noted the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*