MORRIS et al. v. GWALTNEY et al.
(No. 8165.)

(Court of Civil Appeals of Texas. Dallas. Oct. 25, 1919.)

1. LIMITATION OF ACTIONS ⬅100(12), 124—SUIT BY PARTNER ON FRAUD BARRED.

Fraud alleged in petition in suit by one partner was notice to the other, not made a party, and where more than two years intervened between the time suit was brought and the time such other was made a party, suit was barred as to the other, as his was a new cause of action.

2. LIMITATION OF ACTIONS ⬅124—PARTNERSHIP ⬅199—SUIT BY HEIRS OF DECEASED PARTNER FOR FRAUD BARRED.

Since one partner could not recover in the original suit for fraud where the other partner was not an original party, the children of the first partner, who, with the other partner, were made plaintiffs in the suit after first partner's death, were barred; more than two years having elapsed after suit was brought before they and the other partner were made parties plaintiff.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by J. T. Gwaltney against J. S. Morris and others. Plaintiff died before determination of the controversy, and T. J. Gwaltney and others were made parties plaintiff. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

H. D. Payne, Thompson, Barwise, Wharton & Hiner, and George Thompson, Jr., all of Ft. Worth, for appellants.

W. L. Mathis and Marcus M. Parks, both of Dallas, for appellees.

RAINEY, C. J. This suit was filed originally on July 12, 1915, by J. T. Gwaltney, as sole plaintiff, against J. S. Morris, V. G. Leake, C. K. Bullard, M. E. Hindman, W. A. Butts, H. A. Yorty, and A. P. Thomas, seeking to recover the value of certain stock, of the value of $580, and one lot of land, the property of the Tioga Oil & Gas Company, which sale was induced by conspiracy, fraud, and false representations. Defendants answered by general denial, estoppel, and plea of two-year statute of limitation.

On October 15, 1917, there was filed a suggestion of the death of J. T. Gwaltney by W. T. Gwaltney, Gertrude Mayfield, J. T. Mayfield, Marietta Bryan, and T. J. Gwaltney, in which instrument it was alleged that J. T. Gwaltney died about March 13, 1917, and left surviving him the first five named parties as children, and that T. J. Gwaltney was a partner of J. T. Gwaltney. T. J. Gwaltney and said children were made parties plaintiffs to said suit, and the case proceeded to trial. The court submitted the case on special issues to the jury, and, upon answers being returned, judgment was rendered for plaintiffs, and defendants appealed.

The findings of the jury, with one exception, were favorable to plaintiffs, and warranted a judgment, were it not for the one exception, that of the statute of limitations, which was interposed, and which justified a verdict for defendants. The court, among others, submitted the issue of limitation as follows:

(5) "Were J. T. Gwaltney and T. J. Gwaltney partners in the stock, and were they partners in other matters of long standing?" Answer: "Yes."

(6) "Were J. T. Gwaltney and T. J. Gwaltney general partners, buying property together, using their money together, for a great length of time?" To which the jury answered, "Yes."

The proof shows that the original suit was brought solely by J. T. Gwaltney, and that the finding of the jury that J. T. and T. J. Gwaltney were partners is supported by the evidence, and that T. J. Gwaltney was never a party to said suit until after the death of J. T. Gwaltney; the suggestion thereof having been made October 15, 1917.

[1, 2] The fraud alleged in the petition was notice to T. J. Gwaltney. He being a partner of J. T. Gwaltney, he was bound to take notice of what J. T. Gwaltney was cognizant of, and more than two years intervened between the time the suit was brought, July 12, 1915, and the time T. J. Gwaltney was made a party thereto, to wit, October 15, 1917. T. J. Gwaltney not having been a party to the original suit, J. T. Gwaltney could not have recovered in that action, and limitation ran against T. J. Gwaltney during that time, as his was a new cause of action. As J. T. Gwaltney had no right to recover in the original suit for want of T. J. Gwaltney as

an original party, the other parties were barred from a right to recover. Speake v. Prewitt, 6 Tex. 252; Waggoner v. Snody, 98 Tex. 516, 85 S. W. 1134; Phœnix Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707; Floore v. Burgher, 128 S. W. 1152; Railway Co. v. Fruit Co., 170 S. W. 849; Rowse v. Woody, 197 S. W. 362.

Limitation having run against the appellees, they are barred from a recovery, and the judgment must be reversed, and here rendered for appellants.

───────────────────────────

⚜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes