ARA v. RUTLAND. (No. 65–2812.)

(Commission of Appeals of Texas, Section B. Nov. 5, 1919.)

1. DAMAGES ⟨=⟩113—MEASURE OF DAMAGES TO GOODS BY WATER.

In an action for injury to a stock of shoes by water, the true measure of damages is the difference between the market value of the shoes, in' the town where they were injured in defendant's storehouse, immediately preceding and immediately after the injury.

2. APPEAL AND ERROR ⟨=⟩232(2)—OBJECTION TO EVIDENCE FOR INADMISSIBILITY AND INSUFFICIENCY.

On defendant's appeal, in an action for damages to a stock of shoes by water, defendant's objection to certain testimony that it did not show the true measure of damages raised the question of its admissibility and its sufficiency, so that the record is sufficient to present the question of the admissibility of the evidence and its sufficiency to establish the true measure of damage.

3. EVIDENCE ⟨=⟩501(10)—NECESSITY TO SHOW BASIS OF OPINION AS TO DAMAGE.

In an action for damage by water to a stock of shoes, the trial court's failure, over defendant's objection, to require witnesses as to damages to show they were basing their testimony on market value at the place of damage rendered the testimony incapable to meet the legal requirement.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. W. Rutland against Charles Ara. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed (172 S. W. 993), and defendant brings error. Judgments of the Court of

Civil Appeals, and of the trial court reversed, and cause remanded for new trial, on recommendation of the Commission of Appeals.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for plaintiff in error.

Ben W. Fly, of Victoria, for defendant in error.

SADLER, J. The sole question before us is whether there is any evidence authorizing the findings of fact by the court sustaining the true measure of damage and supporting the judgment for defendant in error. For a general statement of the case, see the opinion of the honorable Court of Civil Appeals in 172 S. W. 993.

[1] On the trial, the witnesses testified to the market value of the shoes, charged to have been damaged, immediately before and immediately after the injury, based on cost and carriage. To this testimony of the witnesses the objection was made at the time it was offered that it did not prove, nor tend to prove, the true measure of plaintiff's damages herein, and was inadmissible for that purpose. The witnesses nowhere in their testimony state that they are giving the market value at Victoria, Tex. The damage occurred in the storehouse of the defendant, located in the town of Victoria, Tex. The true measure of damage in this case is the difference between the market value of the shoes "at Victoria, Tex.," immediately preceding and immediately after the injury.

The court in his conclusions of fact found the market value at Victoria, Tex., and based his findings on the testimony of Karcher and Rutland. The case was tried before the court without a jury. In the motion for new trial, the defendant specially pointed out to the court wherein the testimony failed to meet the legal requirement necessary to establish the true measure of damage, by charging that the witnesses did not testify as to market value "at Victoria."

The Court of Civil Appeals held that the defendant did not object to the testimony of the witnesses, and that his objection only went to the sufficiency of the evidence to establish market value at Victoria, Tex.

Writ of error was granted by the Supreme Court, in the view that the proper measure of damages was not established by the proof.

[2] On an investigation of the record, we sought the view of the Supreme Court with reference to the sufficiency of the record to raise the questions involved, and they have indicated to us that the proper measure of damage was not proved in the case; that it should not be inferred that the testimony of the witnesses had reference to market value at that place; that the objection to the testimony that it did not show the true measure of damage raised the question of its admissibility and sufficiency, and that the record is therefore sufficient to present the question of the admissibility of the evidence and its sufficiency to establish the true measure of plaintiff's damage.

[3] We are thus called upon to determine whether or not, in an effort to establish the measure of damage in this case, the failure, over objection, for that reason to require the witnesses to show that they were basing their testimony upon market value at the place of the damage renders the testimony incapable of meeting the legal requirement to establish value in consonance with the demands of the law; therefore there were no legal facts developed justifying the finding of the court and the judgment rendered thereon. In this view we are of the opinion that the judgment is without evidence to support it. Difference in market value is one of the necessary elements to be established by the plaintiff to support a recovery; and another necessary element is to show by the testimony that this market value is that at the place designated by the law as furnishing the proper locus of the market from which the value is to be determined.

It being probable that the trial court failed to comprehend the extent of the objection and its force, we think that the judgment of the Court of Civil Appeals and of the trial court should be reversed, and the cause remanded for a new trial; and so recommend.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.