## HOWELL v. BARTLETT. (No. 3261.)

Court of Civil Appeals of Texas. Amarillo. June 26, 1929.

Oxford & Oxford, of Plainview, for appellant.

C. D. Russell, of Plainview, for appellee

HALL, C. J. This is a brokerage case in which Bartlett, as plaintiff, sued Howell to recover commissions alleged to be due upon an exchange of real estate owned by Howell for certain other lands owned by W. H. Reue, plaintiff claiming that he was the procuring cause of the exchange.

It is alleged in the petition that the defendant Howell was the owner of 80 acres of land in Floyd county which was listed by him with plaintiff under an agreement to pay 5 per cent. commission in the event of a sale and 2½ per cent. in the event of an exchange, "up to the amount of the trade and five per cent. for whatever amount was over the trade."

Plaintiff further alleges that he found W. H. Reue, who entered into a contract with defendant, Howell, to exchange Reue's 160 acres of land for the 80 acres owned by Howell; that this trade was not consummated for the reason that Reue failed to furnish an abstract of title showing a good and merchantable title to his 160 acres. It is further alleged that, after the parties failed to consummate the deal, plaintiff, still acting for and at the request of the defendant, induced Reue to exchange a different tract of land owned by him for the 80 acres owned by defendant, whereby defendant received an equivalent of $13,400. He further alleges that commission in the sum of $335 is due him upon such exchange, and that such commission is the usual and customary compensation in like cases, and is reasonable compensation for his services, which defendant accepted with knowledge that plaintiff expected such commission.

Plaintiff further alleges that, at the time of the transactions recited, he was in partnership with one L. M. Reynolds in the real estate brokerage business at Plainview, and thereafter his partnership with Reynolds was dissolved, and in the settlement of the partnership affairs appellee became the sole owner of the claim for commission.

The defendant answered by general demurrer and general denial and other facts specially, not necessary to be mentioned.

The controversy was submitted to a jury upon the sole issue as to whether plaintiff was the procuring cause of the exchange with Reue. This issue was answered in the affirmative.

It is first insisted that the verdict and judgment are not supported by the evidence, in that the plaintiff failed to prove the value of his principal's property as well as the value of the property received in exchange from Reue.

■■ We have reviewed the statement of facts, and fail to find any evidence, aside from the recitals in the deeds of the parties, showing the value of the property. The case seems to have been tried upon the mistaken theory that Bartlett was entitled to recover commissions based upon the value of Howell's property. Unless the contract between the broker and his principal expressly so provides, his commission must be based upon the value of the property which his principal receives in exchange. It is held that the actual value will control, and not the market or trade or fictitious value of the property obtained in exchange must be made the basis in calculating the amount of his compensation. Davidson v. Wills (Tex. Civ. App.) 96 S. W. 634; Leake v. Scaief (Tex. Civ. App.) 140 S. W. 814; 9 C. J. 582.

■ Plaintiff did not, in his pleadings, claim a commission based upon the actual value of Reue's property, nor have we been able to find in the statement of facts any evidence showing such value aside from the recitals in the deeds. These recitals are not evidence binding the defendant, since they may represent the trade value placed by either party upon his property or a fictitious value stated for the purpose of inducing the trade. Evidence showing the actual value should have been introduced independent of these recitals. So far as we have been able to find, this has not been done. Plaintiff seems to have abandoned his right to recover for services rendered in effecting the first exchange after the court held that as a matter of law Reue's title was defective, and for that reason the contract of exchange with plaintiff was rescinded by mutual agreement.

■ The plaintiff failed to request submission of an issue inquiring of the jury as to the actual value of Reue's property, and by such failure must be held to have abandoned that contention. Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

■ Without this proof, no proper verdict and judgment could be rendered, because the court was not authorized to make a finding upon this issue, even if testimony had been introduced with reference to it.

■■ By the second contention, it is insisted that Reynolds was a necessary party to the suit because he was Bartlett's partner in the brokerage business when the exchange was effected. We think this contention is also sound. While it is true that plaintiff alleged that Reynolds had assigned his interest in the commission to plaintiff, prior to the trial of the case, and Reynolds further testified that he refused to become a party, and was not making and did not intend to assert any interest in any amount recovered by Bartlett, this does not relieve the situation. Bartlett did not seek to recover for the partnership. He sued to recover in his individual capacity, and the general rule is that, in suits by partnerships, all partners must be plaintiffs, and, where one partner refuses to join, he should be made a party defendant. Speake v. Prewitt, 6 Tex. 252; American National Bank v. Haggerton (Tex. Civ. App.) 250 S. W. 279; Allen v. Fleck, 54 Tex. Civ. App. 507, 118 S. W. 176; Morris v. Gwaltney (Tex. Civ. App.) 215 S. W. 473. The rule is that a judgment is binding, not only upon the parties, but also upon privies, but in this case Reynolds is not in privity with Bartlett.

■ "Privity means a mutual or successive relationship to the same rights or property and within the rules relating to the conclusiveness of judgments, all persons are privies to a judgment whose succession to the rights of property thereby adjudicated or affected, were derived through or under one or either of the parties to the action and accrued subsequent to the commencement of that suit. * * * One is not a privy to a judgment where his succession to the rights of property thereby affected occurred previous to the in-

stitution of the suit." 34 C. J. 1011, 1012; Talley v. Lamar County, 104 Tex. 295, 137 S. W. 1125; Id. (Tex. Civ. App.) 127 S. W. 272; Village Mills Co. v. Houston Oil Co. (Tex. Civ. App.) 186 S. W. 785; Jones v. Burkitt (Tex. Civ. App.) 150 S. W. 275; Citizens' State Bank of Lindale v. Jeffries (Tex. Civ. App.) 2 S.W.(2d) 317.

We are asked by appellant to reverse and render the judgment, but, because Reynolds was a necessary party, as well as for the reason that the verdict and judgment are unsupported by the pleadings and evidence, the proper disposition to make of the appeal is to reverse the judgment and remand the case to the trial court in order that necessary parties may be brought in.

Reversed and remanded.