## BLACKWOOD v. STARKEY.
### No. 3355.

Court of Civil Appeals of Texas. Amarillo.
Feb. 12, 1930.

Works & Bassett, of Amarillo, for appellant.

W. M. Lewright, of Pampa, for appellee.

HALL, C. J.

Appellee Starkey, a real estate broker, recovered a judgment against appellant Black-

wood for the sum of $425 as compensation for services alleged to have been rendered by him in effecting a sale and exchange of lands between Blackwood and one W. F. Nicholas.

The appellee's petition seeks first a recovery upon an express contract and in the alternative prays for judgment upon a quantum meruit. In the submission of the issues to the jury, the cause of action based upon the contract was abandoned, and the court submitted only the right to recover upon a quantum meruit. In this count of the petition, plaintiff alleges that he effected a trade of properties with the knowledge and consent of the appellant by reason of which appellant became obligated to pay him the reasonable value thereof, which he alleges to be 2½ per cent. of the *trade value* of the property received by appellant and 5 per cent. of any cash received in such trade, making a total value of $425. By trial amendment he alleges that the appellant sold the 320 acres of land involved to Nicholas for the sum of $18,-205, and accepted in trade certain real estate at and for the agreed valuation of $11,500; the balance of the $18,205 being evidenced by the assumption by Nicholas of an indebtedness which Blackwood owed upon the land involved.

The jury found that Starkey was the procuring cause of the exchange of properties, that he acted with the knowledge and consent of Blackwood, who accepted plaintiff's services, and that his services were of the reasonable value of $425.

By proper assignments and propositions, the appellant challenges the sufficiency of the evidence to support the finding of the jury as to the amount of the judgment. This contention must be sustained.

There is further fundamental error in that plaintiff's petition is insufficient as against a general demurrer, in that it does not allege the actual value of the property which his principal received in exchange. Where a broker effects an exchange of property for his principal, in the absence of a contract providing for different compensation, the measure of his recovery must be computed upon the actual value of the property received by his principal in exchange, and not its market, trade, or fictitious value. Howell v. Bartlett (Tex. Civ. App.) 19 S.W.(2d) 104, and authorities therein cited. The sum of $11,500 is alleged to be the "agreed valuation," which is of course the trade value. There is no allegation as to its actual value and no proof showing actual value. It is not necessary that the petition allege the proper or even any measure of damages. Cummings v. Nix (Tex. Civ. App.) 279 S. W. 484; Machaelis v. Preddy (Tex. Civ. App.) 295 S. W. 305. But the facts from which the amount of damages may be ascertained must be alleged. Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 593; Settegast v. Foley D. G. Co. (Tex. Civ. App.) 297 S. W. 676. And proof of facts from which the correct amount may be estimated must be made. Ara v. Rutland (Tex. Com. App.) 215 S. W. 445.

For the reasons stated, the judgment is reversed, and the cause remanded.