## STORY v. CONN.
### No. 10611.

Court of Civil Appeals of Texas. Dallas.
April 26, 1930.

Frank A. Loftus and R. G. Scurry, both of Dallas, for appellant.

J. D. Kugle, of Dallas, for appellee.

JONES, C. J.

In a suit in a county court of Dallas county at law, appellee recovered judgment in the sum of $875 as commissions for procuring an exchange of lands between appellant and Mrs. W. C. Martin. The appeal has been duly perfected to this court.

The facts show that appellee is a real estate broker in the city of Dallas; that appellant owned business property in said city, and that Mrs. Martin owned a farm of 818 acres about a mile and a half from the town of Mineola, Tex.; that appellant listed with appellee, for sale or exchange, a part of the business property he owned in the city of Dallas, and that Mrs. Martin had theretofore listed with appellee, for sale or exchange, her said farm; that appellee brought the two parties together in an effort to bring about an exchange of the business property of appellant for the Martin farm; that at the time of the meeting of the two landowners, the exchange was not consummated because Mrs. Martin would not make the exchange for the business property listed with appellee; that she was shown other business property at this time, and appellant told appellee that they would endeavor to make the exchange by putting in business property not then listed with appellee; that some time thereafter an exchange was made by putting in a portion of the property that had first been listed with appellee and other of appellant's property, and Mrs. Martin thereupon conveyed her farm to appellant, and appellant conveyed the business property made subject to the exchange to Mrs. Martin. This trade was finally effected between the parties themselves, apparently without further aid from appellee. That appellee demanded from each of the parties the usual and customary fee of 2½ per cent. for his services as the procuring cause of the consummation of the exchange. This fee was not paid, and appellee instituted this suit, alleging that the value of the property exchanged by appellant and deeded to Mrs. Martin was $35,000, and that appellant owed him the usual and customary commission of 2½ per cent. of this amount. No allegation is made as to the value of the farm, other than the inference of the above pleading that it was also of the value of $35,000. In the alternative, appellee alleged that, if mistaken in his right to recover a commission of 2½ per cent., then as, the procuring cause of the trade perfected between the parties he was entitled to the reasonable value of his services, alleged to be $875. Appellant denied that appellee was the moving cause in the matter of the exchange of property, and claimed that the exchange was made with other property than that listed, and on different terms and independent of any efforts on the part of appellee.

The case was tried to a jury and submitted on special issues, and the verdict of the jury on such issues found the facts to be that appellant listed all of his property with appellee prior to the trade that was made between appellant and Mrs. Martin; that appellant Story agreed to pay appellee a commission on the consummated trade; that this commission was 2½ per cent.; and that plaintiff was the procuring cause of the trade that was made. These findings are sustained by evidence and are adopted as the findings by this court. Appellant urges that the finding by the jury to the effect that appellant listed all of his property with appellee is not supported by evidence. Appellee, however, gave testimony to the effect that he was authorized by appellant to use in this trade other property not specifically listed when his services were sought by appellant. This is sufficient to sustain the finding of the jury.

Appellant's contention that there is no basis in the evidence upon which the judgment of $875 could be computed, or upon which a judgment for any damages could be computed, from the jury's findings that there was an implied contract for 2½ per cent. commission, must be sustained. It is settled law in this state that, where a broker effects an exchange of property for his principal, in the absence of any contract providing for specific compensation, as in the instant case, the measure of recovery must be computed upon the actual value of property received by his principal in exchange and not upon its market, trade or fictitious value. Blackwood v. Starkey (Tex. Civ. App.) 24 S.W.(2d) 1108; Howell v. Bartlett (Tex. Civ. App.) 19 S.W. (2d) 104; Ara v. Rutland (Tex. Com. App.) 215 S. W. 445; Davidson v. Wills (Tex. Civ. App.) 96 S. W. 634.

In the instant case, there was an implied contract, as found by the jury, to pay a commission of 2½ per cent. as compensation for the services of appellee. The law directs that this commission must be computed upon the actual value of the Martin farm received

by appellant in exchange for his property. No actual value of this farm, except by inference, is alleged in the petition; nor is there any proof in the record as to what this actual value was on the date of the exchange. It is true that appellee testified that Mrs. Martin listed her farm as being worth $35,000. Manifestly, this was the trade or sales price and not its actual value. There is therefore, in this case no basis for the computation of any damages, and hence no proper basis for the judgment rendered. As the omission to allege specifically the value of the Martin farm and to sustain such allegation by proof appear to be capable of being supplied, and as the case was manifestly tried on the wrong theory by the trial judge, as to the proper basis for computing damages, we do not think the case should be reversed and rendered, as contended for by appellant, but should be reversed and remanded, because of the errors herein pointed out, and it is so ordered.

Reversed and remanded.