SCOTT v. WOOD et al.

No. 8973.

Court of Civil Appeals of Texas. Austin.

Nov. 13, 1940.

Levie Old, of Brownwood, for appellant.

E. M. Davis and J. C. Darroch, both of Brownwood, for appellees.

BAUGH, Justice.

Appellees sued appellant for broker's commissions on the sale of appellant's

ranch in Nolan County. The consideration for such sale was $23,000 cash and the conveyance to Scott by Henry Stallings and others of a business house in the City of Brownwood. Trial was to the court without a jury. The only question presented on this appeal relates to the value of the Brownwood property accepted by Scott in exchange. The trial court rendered judgment for a 5 per cent commission on the $23,000, and 2½ per cent on $10,000 found by the court to be the actual value of the Brownwood property. The only contention here made relates to the finding of the value of the Brownwood property.

The error assigned is that the trial court improperly admitted the testimony of the witness French as to such value; and that without his testimony there was no evidence to sustain the court's finding of such value.

Neither of these contentions is sustained. The testimony complained of, and which appellant, after eliciting it himself upon cross-examination, moved to exclude, was as follows:

"Q. By stating that it is your opinion that the actual value of the 'Whaley Building' is between Ten and Twelve Thousand Dollars, do you mean by that that if given a reasonable length of time you could sell the building for that? A. No, I do not mean that. If I wanted a location for a certain business. If I wanted a building in which to operate a business I believe the building would be worth $10,000.00.

"Q. But I mean if you were given a reasonable length of time in which to sell it, do you testify that you could sell' it for Ten or Twelve Thousand Dollars? A. No, I don't.

"Q. That is not the basis of the value then that you place on the building; in other words, you place your valuation on the building as you stated a minute ago, that if you needed a building for business purposes, you would give that for it? A. Yes, if I wanted to operate a business in the building of that size and with the offices above. Some kind of mercantile business, not an office."

It is not controverted that French, an experienced realtor, was qualified to testify as to value of the property. He testified that, due to conditions in Brownwood at the time, there was no active market for such property. The appellees sought to establish only actual value, which is the proper criterion by which to determine the commission recoverable in an exchange of properties, in the absence of a contract otherwise between the parties, which had not been made in the instant case. See Vletas v. Stagner, Tex.Civ.App., 45 S.W.2d 1009, 1010; Story v. Conn, Tex.Civ.App., 27 S.W.2d 909, 910; Howell v. Bartlett, Tex. Civ.App., 19 S.W.2d 104, 105; 7 Tex. Jur., § 110, p. 511. And where there is no market for such property, manifestly its actual value controls. While actual or market values are sometimes used synonymously, the rule applicable in such cases is stated by Chief Justice Hall in Howell v. Bartlett, supra, as follows: "It is held that the actual value will control, and not the market or trade or fictitious value of the property obtained in exchange * * *." To the same effect is Story v. Conn, supra.

On direct examination, French was asked what he considered to be the actual value of the property. He showed himself to be familiar with values generally, and, particularly with the property in question, a two-story brick building 70 x 100 feet in a business section, the ground floor designed for mercantile purposes, and the second story containing 22 offices; having known it since its erection. He testified unequivocally on direct examination that it had a "present value" of "from ten to twelve thousand dollars."

Manifestly, the testimony of French above quoted did not indicate a fictitious value was meant by him. The questions asked by appellant's attorney indicate that he was seeking to ascertain market value, not a proper basis for determining the commission earned. The import of French's answers was, in effect, that there was then no active or ascertainable market value, and that his testimony as to value was not based on that ground; but upon what he deemed the actual value of the property at the time and under the circumstances. That being true, his testimony as to actual value, the proper criterion, was clearly admissible and sufficient to support the court's finding.

Not only is this true, but appellant himself testified that in arriving at the value received for his ranch, he considered the Brownwood property accepted by him as worth from $7,500 to $10,000.

The testimony complained of, therefore, negatived any estimate of French based upon market value. That portion urged by appellant as indicating that French's testi-

mony showed only a fictitious value, merely indicated, we think, one of the factors considered by him in arriving at a proper actual value of the property.

Finding no error in the record the judgment of the trial court is affirmed.

Affirmed.