### J. P. ARMSTRONG v. S. CLEVELAND.

Decided May 20, 1903.

**1.—Allegation and Proof—Express Contract—Commissions.**

The rule that where plaintiff has pleaded an express contract he can not recover on a quantum meruit or an implied contract, has no application where the evidence shows an express contract,—as where defendant, at the time of bespeaking plaintiff to sell certain land for him stated that he had been paying 5 per cent commission for selling his land, and plaintiff made no objection.

**2.—Record—Affidavit Impeaching.**

Where the record on appeal shows that the conclusions of fact and law were filed and the judgment entered prior to adjournment, an affidavit of the clerk to the contrary, incorporated in the record, can not be considered for the purpose of impeaching the truth of the record.

Error from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*C. A. Teagle,* for plaintiff in error.

JAMES, CHIEF JUSTICE.—The action is by defendant in error to recover $1000, the petition alleging an express contract to pay him all he should sell a certain 100 acres of land for, over $50 an acre; plaintiff having found a purchaser ready, willing and able to pay $60 an acre therefor. The answer was a general denial. There is no statement of facts, but conclusions of fact filed by the judge show that the proof

of the terms of the agreement was that defendant should receive not less than $50 per acre for the land, he informing plaintiff that he had been paying 5 per cent commission for selling his land, and from this the judge concluded that plaintiff, having made no objection to a 5 per cent commission, tacitly agreed to that sum, and was entitled to 5 per cent of $6000.

Plaintiff in error contends that plaintiff, having pleaded an express contract only, can not recover on a quantum meruit, or an implied contract. The proposition is well settled in this State. Shiner v. Abbey, 77 Texas, 1. But it does not apply in this case, for the reason, as we have concluded, that the contract found in the judge's statement and upon which he rendered judgment for 5 per cent commission, was an express contract. Where no compensation is provided by agreement, the law will imply an obligation to pay a reasonable compensation. But when an agreement exists on the subject, the law does not resort to implications. An implied contract or undertaking is one which the law creates from the conduct and relations of the parties in the absence of an agreement by them. Here it appears the defendant brought up the subject, and expressly stated at the time he engaged plaintiff, what he had been paying as commission for selling his land. This was in effect a declaration of what he was willing to pay in this instance, and to this plaintiff assented. It is true he "tacitly" assented, as the finding is, but still he assented or agreed. It can not be said upon this state of evidence that nothing was agreed to on the subject of compensation. It must be said that 5 per cent was agreed to, which made it an express contract.

The record shows that the conclusions of fact and law were filed and the judgment entered prior to adjournment. There is incorporated in the record an affidavit of the clerk to the contrary. This affidavit is no part of the record of the cause, and can not be considered for any purpose. The record can not be impeached in this manner.

The judgment is affirmed.

*Affirmed.*