READ v. FARQUHARSON. (No. 8955.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1918.)

1. BROKERS �köm86(1) — COMPENSATION — AGREEMENT.

In an action by a broker for compensation, evidence *held* to sustain a finding that there was no express contract to pay a commission.

2. BROKERS �ököm82(4) — COMPENSATION — ACTION FOR.

Where broker sued for compensation upon an alleged express contract alone, he could not recover on quantum meruit or an implied contract to pay the reasonable value of his services.

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by D. B. Read against C. B. Farquharson. Judgment for defendant, and plaintiff appeals. Affirmed.

Jouette M. Bonner and W. T. Carlton, both of Wichita Falls, for appellant.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellee.

BUCK, J. This is an appeal from a judgment denying D. B. Read recovery for a claimed commission alleged to be due from the defendant, C. B. Farquharson, arising out of the sale of a certain oil and gas lease belonging to defendant, and which had been listed with plaintiff by defendant, and which plaintiff claimed was sold through his efforts as a broker. The cause was submitted on special issues, and the jury found adversely to plaintiff.

[1, 2] We have carefully considered the statement of facts and are unable to reach the conclusion that the evidence is not sufficient to sustain the verdict and judgment. Plaintiff sued upon an alleged express contract alone, and hence could not recover on quantum meruit, or an implied contract to pay the reasonable value of plaintiff's services. While plaintiff swore that the defendant agreed to pay 5 per cent. commission, and testified to facts tending strongly to show that he secured a purchaser and was the inducing cause of the sale, yet defendant testified: That during the preliminary negotiations plaintiff did not disclose that he was acting in the capacity of a broker, and that, when he did disclose the fact that he was a broker and was expecting a commission, defendant informed him that he would pay commission only in the event the lease sold for $40,000. That later, when plaintiff told him that his parties would not pay $40,000, but that he (plaintiff) thought he could interest them if defendant would reduce the price to $15,000, defendant refused to sell at that price and pay a commission, and plaintiff replied: "Well, I am handling some other property, and we will say no more about the commission." That defendant said: "All right, if those people will come across with $15,000 spot cash, I will accept it, and that is for immediate acceptance and no time limit on it." Plaintiff then said, "I will take it up with them right away." The property was sold for $10,000, of which amount $3250.00 was paid by defendant in clearing the title.

The only other witness who testified in the case was F. K. Haskell, connected with the purchaser, the Empire Gas & Fuel Company. While his testimony tended strongly to show that the property was sold through the efforts of the plaintiff, he stated that Mr.

Cousins of Mineral Wells finally closed the deal. He did not testify to anything about the agreement or contract between the parties to the suit as to a commission.

In this condition of the record, we are of the opinion that all assignments should be overruled, and the judgment affirmed, and it is so ordered.

Judgment affirmed.