### SAUNDERS v. GUINN. (No. 346.)

Court of Civil Appeals of Texas. Eastland. Nov. 4, 1927.

Rehearing Denied Jan. 13, 1928.

**1. Attorney and client ⬥128—Fraud in procuring contract fixing attorney fees need not be alleged eo nominine, if facts constituting fraud are alleged.**

In suit to recover money retained by attorney in excess of compensation, defended on ground of contract fixing fees, fraud in procuring contract need not be alleged eo nominine, if facts are alleged which would constitute fraud.

**2. Trial ⬥365(1)—Issue whether plaintiff knew contents of contract for attorney fees held not to submit question of fraud in procuring contract.**

In action to recover money retained by attorney in excess of compensation, issue submitted to jury whether plaintiff, signing contract for attorney fees, knew contents thereof at time, did not submit issue of fraud in procuring contract, and finding by jury that plaintiff did not know contents evidenced carelessness by plaintiff as much as fraud by defendant in procuring contract.

**3. Trial ⬥351(2)—On court's failure to submit issue of fraud made by evidence, plaintiff has burden of requesting submission at risk of waiving same, if not requested.**

If testimony presents issue of fraud in procuring plaintiff's signature to contract for attorney fees by representation to plaintiff that she was executing instrument to be filed with court or Industrial Accident Board, court should have submitted such issue, and, failing to do so, burden was on plaintiff to request submission thereof at risk of waiving same, if request was not made.

**4. Attorney and client ⬥143—Unambiguous contract for attorney fees cannot be avoided, in absence of fraud, accident, or mistake.**

Where contract for attorney fees was unambiguous, client cannot relieve herself of its provisions, in absence of fraud, accident, or mistake alleged and proved.

**5. Trial ⬥351(2)—Issue of fraud in procuring contract for attorney fees not requested to be submitted held waived.**

In action to recover money retained by attorney in excess of his compensation, defended on ground of contract stipulating compensation, plaintiff, failing to request proper submission of issue of fraud in procuring contract, waived such issue.

**6. Attorney and client ⬥144—Contract fixing attorney's compensation, not set aside for fraud, accident, or mistake, determines fee permissible to be charged under circumstances.**

In action to recover money retained by attorney in excess of compensation, contract for

attorney fees executed by plaintiff, not set aside for fraud, accident, or mistake, determines fee permissible to be charged under circumstances.

**7. Attorney and client ☞147—Contract providing for fee of one-third of recovery for services in obtaining compensation for death of employee held not unconscionable (Vernon's Ann. Civ. St. 1925, art. 8306, § 7d).**

Under Vernon's Ann. Civ. St. 1925, art. 8306, § 7d, contract fixing compensation of attorney for services in obtaining compensation for death of employee as one-third of sums to be collected, in event of proceedings in court, cannot be held to provide for unconscionable fee.

**8. Attorney and client ☞149—Where attorney settled claim for compensation, and suit was merely for convenience of insurance company, attorney was not entitled to stipulated compensation in case of suit (Vernon's Ann. Civ. St. 1925, art. 8306, § 7c).**

In action to recover money retained by attorney in excess of his fee, defended on ground of contract providing for fee of one-third of compensation collected in event claim is carried from Industrial Board into any court of competent jurisdiction, evidence showing that attorney effected just settlement out of court without litigation, and that suit in district court was mere formality for convenience of insurance company, did not show such conduct as would entitle attorney to one-third compensation in case of suit, but entitled him only to compensation provided by contract and Vernon's Ann. Civ. St. 1925, art. 8306, § 7c, in case of settlement.

**9. Appeal and error ☞854(2)—Judgment of trial court appearing to be correct, though on wrong reasons, should be affirmed by Court of Civil Appeals.**

Where judgment of trial court appears to be correct, though based on wrong reasons, it is duty of Court of Civil Appeals to affirm judgment on proper reasons.

On Motion for Rehearing.

**10. Attorney and client ☞149—Attorney employed to obtain compensation in carrying out agreement to abide by Industrial Accident Board's decision must select method least burdensome to clients.**

In action to recover money retained in excess of fees for services in obtaining compensation before Industrial Accident Board, attorney selecting method to carry into effect agreement to abide by decision of Industrial Accident Board *held* bound to adopt such method that was least burdensome to claimants.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Mrs. P. K. Guinn, individually and as guardian of her minor children, against Will R. Saunders. Judgment for plaintiff, defendant's motion for new trial was overruled, and defendant appeals. Affirmed.

Saunders & Bounds and Goggans & Allison, all of Breckenridge, for appellant.

Butts & Wright, of Cisco, for appellee.

LESLIE, J.   In this cause Mrs. P. K. Guinn, individually and as guardian of her minor children, sued to recover of Will R. Saunders, attorney, certain sums of money alleged to have been collected and retained by him in excess of a stipulated compensation she agreed to pay him for legal services. She is the surviving wife of Charles T. Guinn, who came to his death while employed by a company carrying insurance in the Texas Indemnity Insurance Company. At the time she contracted with the appellant, Saunders, to procure for her and her minor children a lump sum settlement of this insurance, she was then receiving individually, and as guardian, monthly compensation from the company. As a result of negotiations between her and Mr. Saunders they entered into the following contract:

"The State of Texas, County of Stephens.

"I, Mrs. P. K. Guinn, of the county of Stephens, state of Texas, wife of C. T. Guinn, deceased, who received an injury while in the employ of Magnolia Petroleum Company, on or about the 4th day of May, A. D. 1925, which said employer carried compensation insurance with Texas Indemnity Insurance Company, on account of which I claim to have a claim for compensation insurance against the said Texas Indemnity Insurance Company.

"And I desire to employ Will R. Saunders, an attorney of Breckenridge, Tex., to represent me in my said claim for compensation, and I have and do by these presents constitute and appoint the said Will R. Saunders my true and lawful attorney at law and fact for the purpose of collecting my said compensation insurance against whatsoever parties as may be liable therefor, and I authorize and empower the said Will R. Saunders to file and sign for me and in my name and stead any and all papers, instruments, vouchers, releases, pleadings, or documents of any kind or character that may be and become necessary in the premises, hereby ratifying each and every act of the said Will R. Saunders to be my acts in the premises.

"For and in consideration of the services rendered and to be rendered, I hereby assign, sell, transfer and convey unto the said Will R. Saunders 15 per cent. of the first $1,000 or fraction thereof, recovered by me, and 10 per cent. of the excess of such recovery of $1,000, provided said cause goes no further than the Industrial Accident Board; in the event, however, my claim is carried from the board into any court of competent jurisdiction, I agree, bind, and obligate myself to pay unto the said Will R. Saunders, one-third of whatever sum or sums that may be collected, whether by suit, compromise, or otherwise; together with all reasonable and necessary expenses incident thereto.

"Witness my hand at Breckenridge, Tex., this the 17th day of April, A. D. 1926.

"[Signed]   Mrs. P. K. Guinn.

"[Signed]   Mrs. P. K. Guinn, Guardian."

In her pleadings and testimony Mrs. Guinn contends that, at the time of employment, the real understanding between herself and said attorney was that he should be paid for his

services 15 per cent. of the first $1,000 recovered, and 10 per cent. of additional sums recovered, and that no other contract was ever made by her with the defendant in reference to the compensation to be paid him. At this point she anticipated in her original petition the above contract, which was set up and relied on by the defendant Saunders in his answer as a justification of his retaining the funds sued for; he claiming such amount under the provisions of the contract providing that under a certain contingency he was to be entitled to one-third of the amount recovered. . Regarding the same, she alleged and contended that, if defendant Saunders had any such contract providing for a fee of one-third interest in the recovery in any event, she did not "knowingly or willingly" sign the same, and "that on some three or four occasions she signed papers which she believed were necessary to be used by defendant in connection with the transactions being had and held with the Texas Indemnity Insurance Company, the same being various petitions, applications, and other instruments of like character, and that, if in truth and in fact the defendant had a contract signed by this plaintiff, then said contract was signed by her upon the representations made to the plaintiff by the defendant that such instrument was some kind of petition or application necessary to be presented to the Industrial Accident Board, to the court, or to the Texas Indemnity Insurance Company."

She further alleged that she at no time read any of the instruments presented to her for signature, but that she relied upon the statements of the defendant as to their contents, and that, if any such instrument provided for a fee of one-third interest in the recovery, she signed it on the representation and belief that it was an instrument to be presented to some one of the aforesaid parties, and not knowing its provisions for such an attorney fee, in any event.

The plaintiff further alleged: (1) That, if she is bound by virtue of the terms of the purported contract, same provides for a compensation unconscionable, unjust, and unreasonable, taking into consideration the amount involved and the work done, hence she should not be bound thereby. (2) That, in so far as she purported to act in making said contract for her minor children, she did so without authority of the probate court, and her action did not bind their estate. (3) That, if it be found that the said contract is valid and binding as to her, "then that part of the contract providing for a fee of one-third of the amount recovered in the event that the claim is carried from the Industrial Accident Board into any court of competent jurisdiction contemplated an actual, bona fide controversy as between the plaintiff and the defendant insurance company, and did not contemplate an agreed settlement nor agreed judgment. * * * That there was no necessity

on the part of the defendant * * * to carry said controversy before the court, and that said differences existing between the plaintiff and the defendant insurance company were adjusted without going into court, and prior to the time that said case appeared in court, and that the carrying of said case from the Industrial Accident Board into the district court of Stephens county, Tex., was either carried into the court merely as a matter of formality and without any actual controversy existing, or that said case was carried from the Industrial Accident Board into the district court of Stephens county, Tex., by agreement of the defendant in this cause, and the attorney for the Texas Indemnity Insurance Company, and that, although the suit was instituted by said Texas Indemnity Insurance Company, it was instituted after an agreement had been reached between the parties that there was no real controversy between the plaintiffs in this cause and the Texas Indemnity Insurance Company." That, by reason of the facts hereinbefore alleged, it would be, and is, grossly inequitable and unjust for the defendant in this cause to exact a fee to the extent of one-third of such recovery for the services rendered in agreeing to the judgment.

The defendant, Saunders, denied the allegations of the plaintiff, and relied upon the terms of the contract and provisions of the statute authorizing certain attorneys' fees for that character of legal services.

Upon the trial the court submitted the cause to the jury on special issues. These issues and the jury's answers follow:

"First special issue: At the time Mrs. P. K. Guinn signed the contract with the defendant for attorney's fees, did she know the contents thereof? Answer 'Yes' or 'No.' Answer: No.

"Second special issue: Was the fee provided for in the contract grossly unconscionable for the services rendered plaintiff by the defendant? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered the above question 'No,' you need not answer further, but if you answer 'Yes,' then answer:

"Third special issue: What per cent. of the amount recovered is reasonable compensation for the services rendered by the defendant? Answer as you find the facts to be. Answer: 15 per cent. for the first $1,000 recovered and 10 per cent. on all other money recovered."

Judgment was by the court entered on the verdict in favor of the plaintiffs. The defendant's motion for new trial was overruled, and he has perfected appeal to this court.

There are numerous assignments assailing the action of the court in not peremptorily instructing a verdict for the defendant, for submitting the special issues stated, and because the answer to each is contrary to the law and unsupported by the evidence.

The first assignment complaining of the court's failure to peremptorily instruct the jury in defendant's favor has been duly considered and overruled. The other assign-

ments addressed especially to each issue submitted will now be disposed of.

[1] The defendant Saunders pleaded in bar to the plaintiff's right of recovery the contract set out. If it were designed by the plaintiff, Mrs. Guinn, to allege fraud upon the part of the defendant in the procuring of the contract fixing his fees under a certain contingency at one-third of the recovery, the allegations in that respect are very meager. Of course, fraud does not have to be alleged eo nominine, if the facts are alleged which would constitute fraud. Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 852; Rudolph S. Blome Co. v. Herd (Tex. Civ. App.) 185 S. W. 53.

[2] However, granting that the plaintiff's pleadings are sufficient to escape a general demurrer, and that the meager allegations of fraud had any support in the testimony, which it is unnecessary to determine, we are unable to perceive how it could be contended that such an issue was in any manner presented to the jury. The plaintiff seems to have relied for recovery much more on her lack of knowledge of the contents of the contract and the nature of the attorney's services to be rendered than upon affirmative acts of fraud, if any, on defendant's part. In answer to the first issue, the jury found the plaintiff did not know the contents of the contract. This submitted no element of fraud, and the jury's finding as readily evidences carelessness on the plaintiff's part in signing the contract as it does fraud on the defendant's part in procuring it. It is undisputed that the plaintiff signed the contract, at least twice, once in her individual capacity and once as guardian, and from the evidence we conclude that she read the contract, and had it explained to her by the defendant.

"When one signs a deed or other contract in order to avoid performing it on the ground that he was mistaken as to its effect, it would be only necessary for him to omit reading the contract before signing it, in order to be bound or not, as he chose. It is the duty of everyone executing such a writing to be aware of its contents before signing. It is against the policy of the law to permit those neglecting this duty to benefit by the negligence." 2 Wharton on Evidence, § 1028. K. C. Packing Co. v. Spies (Tex. Civ. App.) 109 S. W. 432; Parker v. Schrimsher (Tex. Civ. App.) 172 S. W. 165, 170; Sovereign Camp, W. O. W., v. Lillard (Tex. Civ. App.) 174 S. W. 619; Parrott v. Peacock Military College (Tex. Civ. App.) 180 S. W. 132; Austin Bros. v. Patton (Tex. Com. App.) 294 S. W. 537.

[3] If under the testimony there had been an issue of fraud based upon an alleged deception wherein the plaintiff's signature to the contract was procured by defendant's representing to her that she was executing an instrument to be filed with the court, or the Industrial Accident Board, then the court should have submitted such issue in appro-

priate language, and, failing to do so, the burden was upon the plaintiff to request a submission thereof at the risk of waiving the same, if she did not do so. G., H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524; Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541; G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

[4, 5] The contract was unambiguous, and, in the absence of fraud, accident, or mistake alleged and proved, the plaintiff is unable to relieve herself of its provisions, and, if we view plaintiff's allegations of fraud in the most favorable light, issue No. 1 in no respect presents that phase of the case, and, the proper submission not being requested, the same was waived, and the assignments bearing thereon are sustained.

[6] In answer to the second issue, the jury found that the fee provided for in the contract was "grossly unconscionable" for the services rendered. Since the plaintiff has failed to rid herself of the contract, that instrument alone must be looked to in determining the fee permissible to be charged under the circumstances.

Appellant and appellee have briefed and argued the alleged "unconscionable" phase of the contract, and they seem to agree that an appropriate definition thereof is set out in Wenninger v. Mitchell, 139 Mo. App. 420, 122 S. W. 1130, to wit:

"An unconscionable contract is one such as no man in his senses and not under a delusion would make on the one hand, and that no honest and fair man would accept on the other."

[7] It occurs to us to be useless and unprofitable to pursue an inquiry as to what extent this principle may enter into our jurisprudence as a defense to an unambiguous contract made by competent parties, but suffice it to say that in this particular class of cases the lawmaking authority of this state has provided:

"For representing the interest of any claimant in any manner carried from the board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed one third of the amount recovered, such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined." Section 7d, art. 8306, Annotated Texas Statutes.

Apparently, the provision of the contract under which appellant claims his fee has legislative sanction, and for that reason we decline to denounce the fee as unconscionable. The assignments pointing out the immateriality of issue No. 2 are sustained.

Issue No. 3 as to what was a reasonable compensation for the defendant's services becomes immaterial and unimportant in the disposition of this appeal. The defendant,

Saunders, relies upon the contract pleaded, and the plaintiff, Mrs. Guinn, as pointed out, has failed, in our judgment to relieve herself of its binding effect. The rights of the respective litigants may therefore be determined under its provisions, as such rights are presented to us under the pleadings and the testimony.

There can be no doubt that, upon the execution of the contract, the attorney, Saunders, moved with vigor and speed to reduce the plaintiff's claim to a lump sum settlement. Following his employment April 17th, appellant failed to obtain a lump sum settlement for his client at a special hearing in Breckenridge May 6th, and a like hearing at Fort Worth, May 8th. Immediately following, he did succeed in effecting a settlement before the Industrial Accident Board at Austin, at which time a lump sum settlement was awarded Mrs. Guinn. The insurance company gave notice of appeal, and Saunder's activities and accomplishments in pursuit of his client's interest may best be gathered from his testimony:

"I first took the matter up with Head, Teas & Company of Fort Worth, who are general agents for the Texas Indemnity, and then later took it up with Sid Davis. * * * I was never able to reach an agreement with the Texas Indemnity Insurance Company, and went over their heads, and went to the general attorneys of the Magnolia Petroleum Company. As to my reason for that, the Texas Indemnity Insurance Company was only a clearing house, and the Magnolia Petroleum Company in reality carried their own insurance, and the Texas Indemnity Insurance Company of Galveston handle it for them. * * * At certain stated periods they balance their accounts, the insurance company showing what money has been paid out for the benefit of the company, then the Magnolia reimburses them for that amount, and pay them a certain stated fee for the handling of that. I knew these facts. * * * When the Texas Indemnity, through its agents, refused to pay the money, I took it over their heads, and went to Mr. Hardwick, the general attorney of the Magnolia Petroleum Company, whom I knew, and he was a personal friend of mine, and I was successful in getting Mr. Hardwick to pay the money. That was after we had a hearing, because the board had had a hearing, and flatly declined to allow the compensation in lump sum. * * * I then went to Fort Worth the second or third day after the hearing, and took it up with them at Fort Worth. * * * This was (again) submitted to the board, and they entered an order giving her compensation for the full amount, * * * and ordered it paid in a lump sum. * * * The Texas Indemnity Insurance Company appealed."

Again taking the matter up with Mr. Hardwick, the appellant testified:

"In the conversation with Mr. Hardwick, he asked me to come back later in the day. I came back later, and he said he would tell the insurance company it was the wish of the Magnolia Petroleum Company to pay the amount in a lump sum. You ask if it is not a fact that I had an agreement they were to abide by that before the suit was filed here, and that the matter had been practically settled between the insurance company and myself before the suit was filed. I answer that matter had been agreed upon by Mr. Hardwick and myself. At the time Davis came here he knew nothing of it because he telephoned Mr. Hardwick to confirm the settlement. * * * Mr. Davis and I went to Judge Hamlin's office. I don't recall whether Mr. Davis told Judge Hamlin the details of the case as to why it was being done; anyway, he told him we were ready for a judgment to be entered, which had already been prepared, and Judge Hamlin signed the judgment. Mr. Davis and I agreed to the judgment after I talked to him. You ask, after Davis came out here and had verified what Mr. Hardwick told me, what was the purpose of filing suit and answer here, all the same day, and entering judgment. I answer, you ought to know as an attorney that judgment was entered to hold the minors. * * * The judgment here adjudicates the full amount that Mrs. Guinn and her children were entitled to under the law. * * * She could not have recovered another penny in the case had it been tried before a jury. * * * It was every dime she was entitled to under the law. Before they filed the suit, I went over their heads to Mr. Hardwick, the general attorney of the Magnolia Petroleum Company. I know Mr. Hardwick very well, and went to him personally at Dallas, to his office in the Magnolia Building. I talked to Mr. Hardwick there. That was in spite of the fact I knew they would appeal it, or attempt to appeal it. I think Mr. Davis notified me personally they were going to appeal the case, and they would serve notice in the legal way, and I think it was between the time he told me and the time I received this legal notice I went to Mr. Hardwick. * * * I did not want the matter dragged out. I felt like I had a chance to get Mr. Hardwick to order the company to pay it. * * * I went over the heads of the insurance company just as soon as I found out they were going to appeal it. I went to Mr. Hardwick. * * * By the time they got ready to appeal I had Mr. Hardwick's statement that they would order the company to pay it. The case was filed here, and judgment was entered."

The testimony fully establishes that the petition, answer, and judgment were all filed at the same time; that no evidence of any character was introduced and the hearing had in the absence of Mrs. Guinn, who was sick.

The appellant contends that, under the law (section 7d, art. 8306, Vernon's Revised Statutes), he is entitled to one-third of the amount of said recovery by virtue of that provision in his contract stipulating that, "in the event, however, my claim is carried from the board into any court of competent jurisdiction, I agree, bind, and obligate myself to pay unto the said Will R. Saunders one-third of whatever sum or sums that may be collected, whether by suit, compromise, or otherwise."

[8] After much consideration, we have reached the conclusion that under the testimony generally, and especially appellant's testimony, which must be construed most strongly against appellant, his contention cannot be upheld on the reason advanced by

him. The contract between appellant and appellee contemplated a bona fide controversy in the nature of a suit, which would have involved exertion on the part of appellant to protect and assert the rights of the appellees. The appellant's testimony above set out renders it clear to us, and we think it is frankly admitted by him, that his speed, diligent, and efficient manner of service, as well as his intimate knowledge of the work in hand, and his happy personal relations with those in authority and charge of the affairs of the insurance company, enabled the appellant to completely effect out of court, and without the necessity of litigation, a most just and equitable settlement of his client's claims. The very nature and terms of the contract obligated him to do as much, if it were possible. It required that Mrs. Guinn's claim be carried into court, as a condition precedent to appellant's right to claim as a fee one-third of the recovery. Under the testimony her claim was neither carried into court nor was there a necessity for so doing. It was adjusted before it ever reached the court.

Under this record we think that, in so far as the interest of Mrs. Guinn and her minor children was concerned, the suit in the district court served no purpose whatever, and the acts of the appellant in connection therewith did not come within the contemplation or the spirit of the contract relied upon, and hence did not entitle appellant to a fee measured by that clause of the contract last above quoted. The appellant's right to a just compensation and the amount thereof rests upon the other provisions of his contract and section 7c, art. 8306, Vernon's Texas Statute, providing:

"No attorney's fees for representing claimants before the board shall be allowed * * * exceeding an amount equal to 15% of the amount of the first $1,000.00 or fraction thereof recovered, nor 10% of the excess of such recovery, if any, over $1,000.00, in addition to the reasonable expenses," etc.

[9] For the above reasons, and these alone, we conclude that the judgment of the trial court can, and should be, affirmed. Doubtless these were not the reasons prompting the trial court to enter the judgment, but that is immaterial. The judgment appears to be correct, and it is our duty to affirm it, and we do so on what we deem to be a proper reason therefor. City of Galveston v. Morton, 58 Tex. 409; Bowles v. Brice, 66 Tex. 724, 2 S. W. 729; H. & T. C. Ry. Co. v. Fife (Tex. Civ. App.) 147 S. W. 1181.

See numerous authorities under note 4, art. 1876, 4 Vernon's Annotated Texas Civil Statutes.

This disposes of all appellant's assignments and the judgment is affirmed.

### On Motion for Rehearing.

Both appellant and appellees have filed motions for rehearing which have been carefully considered. The appellees' motion presents nothing new, and will be overruled without comment.

[10] Appellant's motion vigorously assails the holding that appellant was not entitled to recover under the clause of the contract giving him one-third of the amount recovered in case the claim was carried into court. The attack is chiefly directed against the statement in the opinion that the contract between appellant and appellees contemplated a bona fide controversy in the nature of a suit which would have involved exertion on the part of appellant to protect and assert the rights of the appellees. Such construction so placed by appellant upon the opinion is too narrow, and not warranted. The decision is bottomed upon the conclusion reached by this court, and clearly stated in the opinion, that, as a matter of fact, the controversy was never carried into court, and no reason ever existed at the time the purported suit was filed why it should have been so carried into court for the protection of the appellees' interest. As appears from this record, the suit and judgment in the district court was merely for the convenience of the insurance company. The Industrial Accident Board had previously made the same award which was carried into the decree of the district court, and all that was necessary to be done to effectuate the agreement of the parties to abide by this award would have been for the insurance company to have abandoned its appeal, which necessarily resulted from the agreement reached between the appellant and those in authority representing the interest of the insurance company. In our judgment, the course taken had the same effect as if no petition had been filed or judgment had ever been entered in the district court of Stephens county, and that that was but a method used by the appellees' attorney and the agent of the insurance company in carrying into effect the agreement between the appellant and Hardwick to abide by the decision of the Industrial Accident Board. Under the facts of this case, we do not hesitate to hold that those selecting the method to carry into effect the agreement of the parties were in duty bound to adopt that method that was least burdensome on Mrs. Guinn and her minor children, and the nature of the employment demanded nothing more nor less.

We do not think the correctness of our conclusion is to be doubted, in view of the further fact that the pleadings in the cause purporting to have been filed in the district court of Stephens county, as well as the judgment, were all prepared before the appeal was perfected, and nothing done thereafter except to present and enter them in a most perfunctory manner.

We adhere to the opinion originally announced, and the appellant's motion for rehearing is also overruled.