## VLETAS v. STAGNER.

### No. 942.

Court of Civil Appeals of Texas. Eastland.

Jan. 22, 1932.

R. W. Haynie, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

LESLIE, J.

This is a brokerage case in which W. A. Stagner, plaintiff, sued George Vletas to recover commissions alleged to be due him for effecting an exchange of Vletas' restaurant for a 320-acre tract of land owned by C. H. Wakefield. The defendant answered by general and special denial and alleged that he had never listed his property with the plaintiff and the deal made with Wakefield was consummated through his own efforts without the knowledge or aid of the plaintiff. By cross-action the defendant also sought recovery of certain rents. A trial before the court and jury resulted in a judgment in favor of the plaintiff for the commissions claimed, amounting to $375, and in favor of the defendant on his cross-action for rents for the sum of $100. The defendant alone appeals.

The appeal is predicated on seven propositions of law. The first and second propositions are briefed together and will be so considered. They are in substance the same and to the effect that, where property is listed with a real estate broker for sale or exchange, and the broker does not close the trade or fails to trade or sell the property for the amount listed, and the owner subsequently consummates a trade for a less amount than the price listed, the suit for commissions must be based on a quantum meruit and not upon the contract for commissions on the amount for which the property is listed.

■ From the nature of these propositions it is evidently the view of the defendant that the plaintiff sought recovery of the commissions by virtue of the terms of the contract. Apparently this was the plaintiff's theory. It is true, if a broker bases his claims for commissions upon the performance by him of the terms of an express contract of employment, he cannot recover a judgment on a quantum meruit. Armstrong v. Cleveland, 32 Tex. Civ. App. 482, 74 S. W. 789; Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; 7 Tex. Jur. p. 526, §§ 125, 126.

But the appellant's first and second propositions must be overruled for the reason that plaintiff's right to recovery rests upon a fully alleged express contract, the terms of which we think are reasonably supported by the testimony. Said contract as alleged is to the effect that, in listing his property with the broker at a valuation of $15,000, the owner agreed to pay him a commission of 2½ per cent. of that sum in the event an exchange of properties was effected through the broker's effort. In harmony with the plaintiff's pleadings and the testimony, the court, in the second special issue, propounded to the

jury the following question: · "Do you find from the preponderance of the evidence that the defendant agreed with plaintiff that, in the event of exchange of property by the defendant with some purchaser to be obtained by the plaintiff, that the defendant would pay the plaintiff the sum of 2½% commission on $15,000.00?"

This the jury answered in the affirmative, and, as above stated, there is evidence to support the finding. Obviously this is not a quantum meruit case, either in pleadings or testimony, nor is it to be regarded as falling in that class of cases wherein a broker is entitled to a commission, though a sale is made for a price less than limited to him if he in fact procures a purchaser, with whom, directly pending his own negotiations, the principal, with knowledge that such negotiation is pending, concludes the sale on terms satisfactory to himself, though the purchaser was unwilling to pay the price at which the land was listed with the broker; illustrations of such cases being Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Id. (Tex. Civ. App.) 142 S. W. 664; 7 Tex. Jur. p. 481, § 84.

■ We also recognize the rule that, where the commission is fixed by the terms of the contract, the broker's commission in the case of an exchange of properties is based upon the actual or market value of the property received in exchange, and not on its trade or fictitious value. Howell v. Bartlett (Tex. Civ. App.) 19 S.W.(2d) 104; 7 Tex. Jur. p. 511, § 110.

■ However, in the instant case the plaintiff declares on a contract which fixes the rate of commission and bases its amount on the list price of the property. In other words, the plaintiff's right of recovery and the amount thereof is not dependent on proof by the plaintiff of the amount for which the property was in fact taken in exchange. Since the appellee's suit was essentially one on the contract, and recovery had on that theory, propositions 1 and 2, to the effect that the suit should have been for a quantum meruit, are overruled.

■ By the third proposition the defendant asserts that, when a broker relies for recovery on a contract for commissions for the sale or trade of property, he must prove that he has sold the property for the amount listed with him in order to recover the commission upon the specified amount claimed, and that, such issue of fact being material to the decision of the case, the defendant was entitled to submission of the same to the jury.

There was no error in refusing such issue. The defendant merely denied that he at any time listed the property with the plaintiff upon any terms whatever, and further denied that plaintiff in any way contributed to or promoted the deal which he contended was consummated through his own efforts and without the knowledge or aid of the plaintiff. Under the plaintiff's theory it was immaterial how Vletas and Wakefield valued their property in making the exchange. The contract alleged and found by the jury fixed the commission according to plaintiff's contention at 2½ per cent. of the listed price.

■ The fourth proposition complains that the court failed to instruct the jury upon whom rested the burden of proof of the issues submitted. There was no such error, either from the standpoint of the plaintiff or the defendant. The issues began as follows: "Do you find from a preponderance of the evidence," etc. This is the correct way of placing the burden of proof. Commercial Standard Ins. Co. v. Lee (Tex. Civ. App.) 37 S.W. (2d) 789; 3 Tex. Jur. p. 1268, § 866; Law of Special Issues (Speer) p. 184, § 134.

■ The fifth proposition is to the effect that, where the evidence shows the exchange of property was made by the owners at a valuation of $7,540, the broker, if entitled to any commission, would only be entitled to a commission on the value of the property exchanged. Ordinarily this is the correct proposition, especially in the absence of a specific contract, providing a specified commission. In 7 Tex. Jur. p. 511, § 110, the rule is stated: "Unless otherwise provided by the contract of employment, a broker's commission on an exchange is based upon the property received in exchange according to its actual or market value, and not its trade or fictitious value."

The contract here declared upon provided for the broker's commission on the basis of 2½ per cent. of $15,000, the list price of the property. By the proper issues the jury found that the plaintiff operating under such a contract was the procuring cause of the exchange of properties between the defendant and Wakefield. Therefore this proposition is overruled.

Since we have determined that the suit is properly brought and recovery had upon an express contract, propositions 6 and 7 are overruled. No question of recovery on quantum meruit is presented.

For the reasons assigned, the judgment of the trial court is affirmed.