### WILEY et al. v. SMITH.
### No. 991.

Court of Civil Appeals of Texas, Eastland.
Dec. 2, 1932.

Rehearing Denied Jan. 13, 1933.

J. C. Patterson and Jas. A. Stephens, both of Benjamin, and Cunningham & Oliver, of Abilene, for appellants.

J. S. Kendall, of Munday, for appellee.

HICKMAN, C. J.

This suit was instituted by appellants J. W. Wiley and W. R. Tandy, real estate brokers, against appellee, Dr. A. A. Smith, for the recovery of an alleged commission due them for procuring a purchaser for a ranch owned by appellee and situated in Knox County. The lands were listed by appellee with each of the appellants separately, but by agreement between themselves, acquiesced in by appellee, they acted together in procuring a purchaser on terms acceptable to appellee. The facts disclose without dispute that, through the efforts of appellants, a contract in writing was executed by appellee and one M. L. Watson from Mitchell county, by the terms of which appellee was to convey his ranch in Knox county to Watson, who in turn was to convey certain Mitchell county property to appellee and execute his notes representing the agreed difference in value between the properties involved in the exchange. Appellee's answer to the suit consisted of a general demurrer, certain special exceptions, a general denial, and a special plea to the effect that appellants ought not to recover because they acted in bad faith towards him, in that, without his knowledge and consent, they also represented Watson in the negotiations and were to be paid a commission for their services in so representing him. At the conclusion of the testimony, appellants requested the trial court to peremptorily instruct the jury to return a verdict in their favor for $2,485. This request was refused, and the case submitted to a jury upon one special issue, as follows: "Do you find, from a preponderance of the evidence, that the plaintiffs J. W. Wiley and W. R. Tandy were acting jointly with A. R. Wood as agents of the defendant A. A. Smith in the procurement of the execution of the contract alleged in plaintiffs' petition?"

To which issue the jury answered "Yes."

Judgment was rendered for appellee, and appellants have appealed.

By proper assignments appellants present that the issue submitted was an immaterial one, and that the answer of the jury thereto was not supported by the evidence. These assignments are sustained. This special issue presents no defense pleaded by appellee. A. R. Wood, whose name appears in the issue, was the broker representing Watson in the transaction, and a finding by the jury that appellants acted jointly with him would constitute no defense to appellee's liability. If the answer be construed as a finding that A. R. Wood was also acting as the agent of appellee, the finding is wholly unsupported by the evidence, and, if supported, would constitute no defense to appellants' suit.

The contention of appellee that the issue was an imperfect submission of the defense pleaded cannot be sustained. The real defense pleaded was bad faith on the part of appellants in representing both parties without the consent of appellee. The issue does not submit that defense at all, and there was no evidence authorizing the submission of an issue which would embody such defense.

Assignments are directed to the alleged error of the court in admitting certain testimony. We do not find it necessary to discuss these assignments. Our holding that the verdict was unsupported by the evidence renders it immaterial as to whether some of the evidence should have been excluded. If considered, it did not support the verdict.

The principal question presented relates to the refusal of the trial court to grant appellants' request for a peremptory instruction. A consideration of the assignments raising this question has necessitated an examination of the statement of facts, which has led to the conclusion that the court was required by the evidence to refuse the request. Appellants failed to make out a case.

In their pleadings appellants declared upon contracts made by them severally with appellee. It was alleged that, when appellee listed his land with appellant Wiley, he "agreed to pay said plaintiff J. W. Wiley the ordinary and customary commission for sale or exchange of similar land under similar circumstances." The contract which it was alleged appellee made with appellant Tandy was that he "agreed to pay the plaintiff W. R. Tandy the ordinary and customary commission for similar sales or exchanges under similar circumstances." Later in the petition it was alleged that, after appellee and Watson had agreed verbally on the details of their exchange, and before the written agreement was

executed by them, the appellants and appellee had a mutual agreement with reference to their commissions. This agreement was alleged in this language: " * * * And the defendant then and there agreed with the plaintiffs to pay them the usual and customary commissions for land agents for like and similar transactions." It is then alleged: (1) That the usual and customary commission for sales and exchanges of lands under like and similar circumstances as the trade entered into by the appellee and Watson was then and is now 5 per cent. of the reasonable market value of appellee's ranch; (2) that the net value of said ranch, as fixed by the terms of said contract, was $49,900; and (3) that said stipulated value in said contract was in fact the reasonable market value of said ranch property. Follows then this allegation: "Wherefore, plaintiffs show to the court that the commission agreed to be paid by the defendant to the plaintiffs amounts to the full sum of $2,495.00."

Under this pleading, the appellants, in order to make out a case of liability against appellee, were required to prove at least the following facts: (1) A contract to pay the ordinary and customary commission; (2) what was the ordinary and customary commission for sales and exchanges of land; and (3) what was the reasonable market value of appellee's ranch.

 The evidence offered by them was as follows: Appellant Wiley testified that he had no agreement with reference to the payment of commission, his testimony being in this language: "At the time Dr. Smith listed his property with me he did not make any stipulations as to the payment of commissions; he knew that I was a real estate agent, and he further knew of my efforts in trying to sell his property for him." That is all of the testimony of this witness on the subject. Appellant Tandy testified that, at the time the property was listed with him, he undertook to sell a mineral lease on it for which he was to get 10 per cent. commission. With reference to his commission for selling or exchanging the land, the witness testified: "He just talked about selling the land in case he could not lease it; that was about the conversation." With reference to the conversation between appellee and this appellant after the terms of the exchange had been verbally agreed upon by appellee and Watson and before the written contract was executed, Tandy testified: "However, we did have a talk about the commission on a 5% and 2½% basis, out in the car that day before the deal was closed—just a few minutes before we went up in the lawyer's office to close the deal and make this contract. He just wanted to know who to pay the commission to and it was 5% for cash and 2½% on the trade." The witness then testified to facts disclosing that he was qualified to give testimony as to

the usual and customary commission prevailing, and stated that the universal custom was 5 per cent. on cash sales and 2½ per cent. on trade-in sales. Further on in his testimony the witness stated: "He (Dr. Smith) knew that he was going to have to pay us this 2½% and 5%, all in one commission, of course. I did not get any commission at all other than this $10.00 check."

In so far as this evidence would support a recovery on a quantum meruit, it must be disregarded, for it is well settled that a pleading for a commission for the performance of a contract will not support a judgment on quantum meruit. Vletas v. Stagner (Tex. Civ. App.) 45 S.W.(2d) 1009, and authorities there cited; 7 Tex. Jur. p. 526, § 125. But, brushing aside and disregarding the question of the lack of correspondence between the allegations and proof in this particular, and assuming that the testimony is susceptible of the construction that there was a contract to pay a commission, there is still lacking sufficient evidence to support a recovery by appellants, in that there is no proof whatever of the reasonable market value of appellee's ranch. Had the alleged contract fixed the rate of commission on the price at which the property was listed, there was sufficient evidence afforded by the contract itself to form the basis upon which judgment could be rendered. The petition alleged that commissions were to be based on the reasonable market value of appellee's ranch, and that the reasonable market value was the same as the value placed on the property in the exchange agreement, but there is no testimony to this effect. Had the alleged contract not provided otherwise, the commission on the exchange would be based upon the actual or market value of the property received. 7 Tex. Jur. p. 511, § 110. But this cannot be made the basis here, for two reasons: (1) The alleged contract provided otherwise; and (2) there is no evidence of its value. Appellants failed to make out a case which authorized the trial court to peremptorily instruct the jury to return a verdict in their favor, and all assignments relating to this question are overruled.

 This brings us to a consideration of the question of what disposition to make of this appeal. A peremptory instruction should have been given for appellee at the close of the testimony. Appellants relied alone upon their request for a peremptory instruction. The burden was upon them to establish their right of recovery. This they failed to do, and the judgment against them was correct. Appellants have shown no error in the judgment as rendered, and in this situation the authorities make it our duty to affirm the judgment of the trial court. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667; Comer v. Brown (Tex. Com. App.) 285 S. W. 307; Moroney v. Moroney (Tex. Com. App.)

286 S. W. 167; Saunders v. Guinn (Tex. Civ. App.) 1 S.W.(2d) 363, and authorities there cited.

Affirmed.