**C. M. GREEN, Appellant,**

v.

**J. B. GLADDEN, Appellee.**

No. 16434.

Court of Civil Appeals of Texas.

Fort Worth.

June 14, 1963.

Stark, Carroll & Davey, and Ken R. Davey, Gainesville, for appellant.

Crutchfield & Rhodes, and John Crutchfield, Abilene, for appellee.

RENFRO, Justice.

Defendant Green appealed from a judgment awarded to plaintiff Gladden as commission on the sale of real estate.

Plaintiff plead and testified to an express contract with defendant, dated July 24, 1960, whereby plaintiff was authorized to sell defendant's premises, on which was located a motel, for the sum of $90,000, or such less amount the defendant would accept, plaintiff's commission to be five per cent of the selling price.

In December plaintiff arranged a trade between defendant and one Porter, but

defendant declined to trade. In April of the following year Porter and defendant, without the knowledge of plaintiff, consummated a motel trade, involving the equity in the respective properties owned by them, and a cash payment to defendant.

Defendant refused to pay plaintiff a commission.

Over the objection of defendant the court asked the jury what amount of cash would compensate plaintiff "for services rendered in the sale" of the property.

The issue was a quantum meruit issue.

The plaintiff did not plead quantum meruit and the case was not tried by consent on that theory. We sustain defendant's point of error No. 2, which is based on the action of the court in submitting the quantum meruit issue. A pleading for a commission for the performance of an express contract, there being no alternative plea, will not support a judgment on quantum meruit. Wiley v. Smith, Tex.Civ. App., 55 S.W.2d 879; Vletas v. Stagner, Tex.Civ.App., 45 S.W.2d 1009.

In another trial, Issue No. 4 should be reframed. The issue inquired if plaintiff was the procuring cause of bringing defendant and Porter together for the purpose of selling by Green and the buying by Porter of the property in question at a price of $90,000 or an amount agreeable to Green.

The basis of a broker's claim to a commission is that he was the procuring cause of a sale. 9 Tex.Jur.2d 727, § 38.

The issue as submitted did not distinctly submit the question as to whether plaintiff was the procuring cause of the sale or trade made between defendant and Porter.

Defendant in other points contends he was entitled to a judgment as a matter of law. Such points are overruled. He also complains of the refusal of the trial court to submit certain requested issues. We find no reversible error in such refusal.

The judgment is reversed and the case remanded for a new trial.